UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN LEE PAXTON, | Case No. 19-13504 |
| Plaintiff, | Stephanie Dawkins Davis |
| v. | United States District Judge |
| CROSS CREEK APARTMENTS, LLC, | |
| Defendant. | |
| _____/ | |

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [ECF. NO. 3]**

### I. INTRODUCTION

Defendant, Cross Creek Apartments, LLC ("Cross Creek") brings the present Motion to Dismiss moving this Court to dismiss Plaintiff, Justin Paxton's ("Paxton"), negligence and premises liability claim against it. Cross Creek alleges that Paxton's allegations against it are barred by the statute of limitations and that the allegations do not relate back to his original complaint in order to prevent dismissal of his claims. Paxton asserts that the state court, where this action originated, already found that he could amend his complaint to name the correct defendant. Therefore, his amended complaint relates back to his original complaint and it is not time-barred. For the reasons discussed below, this Court

1

will deny Defendant's Motion.

## II. FACTUAL BACKGROUND

On March 24, 2016, Paxton, a then-tenant of Defendant Cross Creek Apartments, LLC, was walking up the staircase in his apartment building when the railing allegedly snapped into three pieces, causing him to fall down the stairs and suffer substantial injuries, which required emergency back surgery. Paxton initiated this action in the Monroe County Circuit Court on March 18, 2019, against Elm Crosscreeks, LLC and Cross Creek Common Land, LLC. (ECF No. 3-2). On November 6, 2019, the Monroe County Circuit Court granted a motion filed by Paxton to correct a misnomer and amend his complaint. (ECF No. 3-4). In the amended complaint, filed November 7, 2019, Paxton substituted Cross Creek Apartments, LLC as the sole defendant in this matter and sues for negligence and premises liability, alleging that Cross Creek breached its duty of care when it failed to maintain the premises in a reasonably safe condition or warn Paxton of the hazard, among other things. (ECF No. 1-2).

Cross Creek removed the matter to this Court on the basis of diversity jurisdiction on November 26, 2019. (ECF No. 1). Cross Creek subsequently filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 2, 2019. (ECF No. 3). Paxton responded to the Motion on December 23, 2019. (ECF No. 8). This case was reassigned to the undersigned

from Judge Goldsmith on January 31, 2020. On March 30, 2020, the Court entered a stipulated order extending the time for Cross Creek to file a reply brief to April 3, 2020. (ECF No. 9). Cross Creek filed its reply on April 3, 2020, in accordance with that order. (ECF No. 10). Hearing on this matter occurred on June 23, 2020.

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)). In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

"When a court is presented with a 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

4

## IV. DISCUSSION

Cross Creek contends that Paxton's amended complaint should be dismissed because (1) the claims therein are barred by the three-year statute of limitations; (2) the addition of Cross Creek as a defendant in the amended complaint does not relate back to the filing of the original complaint under the misnomer doctrine; and (3) this Court is not bound by any decisions or orders of the state court. Paxton counters that Cross Creek's Motion is "disingenuous, premature, an exercise in forum shopping, and an attempt to relitigate a matter already ruled upon in Monroe County Circuit Court prior to removal." Paxton asserts that Cross Creek is asking this Court to review the state-court's decision, in violation of the *Rooker-Feldman* doctrine. (ECF No. 8).

### a. Rooker-Feldman Doctrine and Law of the Case Doctrine

It is necessary to address the parties' arguments in reverse. Plaintiff argues that this issue was already litigated and decided in state court, and review by this court is precluded by the *Rooker-Feldman* doctrine and the law of the case doctrine. The Sixth Circuit has held that the *Rooker-Feldman* doctrine does not apply to cases involving removal:

> Ordinarily, a federal appellate court does not have jurisdiction to review a decision of a state court. See *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923). However, in cases involving removal, the district court is instructed to "take [ ] up the case where the State court left it

> off." *Duncan v. Gegan,* 101 U.S. 810, 812, 25 L.Ed. 875 (1879). Further, although "[a]ny orders or rulings issued by the state court prior to removal are not conclusive in the federal action after removal . . . it is well-settled that they do remain binding on the parties until formally set aside by the district court." 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3738 (3d ed.1998); *see also* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 435–38, 94 S. Ct. 1113, 39 L.Ed.2d 435 (1974).

*Chaz Const., LLC v. Codell*, 137 F. App'x 735, 742–43 (6th Cir. 2005). *See also Preferred Rehab., Inc. v. Allstate Ins. Co.*, No. 09-CV-11409, 2010 WL 3488673, at *8 (E.D. Mich. Sept. 1, 2010) ("[T]he Rooker-Feldman doctrine may not be invoked to abrogate the power of a district court, under appropriate circumstances, to "dissolve[ ] or modif[y]" an order entered by a state court prior to removal") (quoting 28 U.S.C. § 1450 and *Holmes v. AC & S, Inc.,* 388 F. Supp. 2d 663, 674 (E.D. Va. 2004) ("[T]he Rooker–Feldman doctrine does not apply to any review that is authorized by Congress. As 28 U.S.C. § 1450 authorizes the district court review of state court orders entered prior to removal, there exists an independent statutory basis permitting reconsideration of the state court determination.")). Accordingly, the Court is not precluded by the *Rooker-Feldman* doctrine from reviewing the propriety of the relation back of Paxton's amended complaint.

Nor is review precluded by the law of the case doctrine. Under this doctrine, "when a court decides upon a rule of law, that decision should continue to govern

6

the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). "The doctrine 'expresses the practice of courts generally to refuse to reopen what has been decided," but it does not "limit [courts'] power.'" *Musacchio v. United States*, 136 S. Ct. 709, 716, 193 L. Ed. 2d 639 (2016) (quoting *Messenger v. Anderson,* 225 U.S. 436, 444 (1912)). "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California, supra,* 460 U.S. at 618, n. 8)). "The doctrine also has relevance to rulings made by state courts prior to removal." *Pac. Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 398 (6th Cir. 2002). A court's decision to reconsider prior decisions is reviewed for abuse of discretion, "[a]nd it is not an abuse of discretion to revisit a prior ruling that is found to be erroneous." *Id*. (citations omitted).

Here, Cross Creek asserts that the state court erred by permitting Paxton to substitute in Cross Creek as the sole defendant in this matter. (ECF No. 3, PageID.33). The state court heard oral arguments on the original parties' motions and entered a conclusory order granting Paxton's motion to correct the misnomer to Cross Creek Apartments, LLC as a defendant and amend his complaint. (ECF

7

No. 8-5.) Other than stating that good cause for the order was shown, the court provided no analysis or rationale for its decision. Without insight into the state-court's decision, it is necessary to revisit and examine the relation-back issue as raised through Cross Creek's instant Motion to Dismiss.

### b. Relation Back Doctrine

This Court must determine if the relation-back doctrine is applicable in this case such that Paxton's amended complaint is not time-barred. Notably, the Supreme Court has noted that "[e]ven when an amendment relates back to the original date of pleading under Rule 15(c), as [Paxton] contends [his] amendment does, the relation back cannot, consistently with due process, deny a [newly-added] party all opportunity to be heard in response to the amendment. *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 n.1 (2000). Cross Creek seeks an order dismissing Paxton's amended complaint on the basis that Paxton's claims are barred by Michigan's three-year statute of limitations because the addition of Cross Creek as a defendant in the amended complaint does not relate back to the filing of the original complaint. (ECF No. 3).

Federal Rule of Civil Procedure 15(c) governs the relation back of amendments and provides, that an amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).[1]  Subsections A and C are relevant to the instant case.

With regard to subsection A, the Advisory Committee's notes provide:

> This provision . . . is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law. Generally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits. . . . Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.

Fed. R. Civ. P. 15(c)(1) Advisory Committee Notes, 1991 Amendment.  Where the state limitations statute does not contain a specific provision for relation back, the

---

[1] The parties do not dispute that Federal Rule of Civil Procedure 15(c) applies here. To the extent that there is a choice-of-law question of whether federal or state law should apply to this issue, it need not be decided, as "the Michigan rule and the federal rule are the same regarding the substitution of new parties." *Ringrose v. Engelberg Huller Co.*, 692 F.2d 403, 405 (6th Cir. 1982) (applying Rule 15(c) to relation-back issue in diversity action).  Paxton acknowledges as much in his response brief.  (ECF No. 8, PageID.133).

principles of Rule 15(c)(1)(A) do not apply. *Oros v. Hull & Assocs.*, 217 F.R.D. 401, 404-05 (N.D. Ohio 2003) (citing *Lovelace v. O'Hara,* 985 F.2d 847, 851-52 (6th Cir. 1993) (Rule 15(c)(1)(A) inapplicable where relation back provision included in state procedural rules but not in limitations statute). Michigan's statute of limitations provides that "[a] person shall not bring or maintain an action to recover damages for injuries to persons or property unless . . . the action is commenced within . . . 3 years after the time of the death or injury. Mich. Comp. Laws § 600.5805. The statute does not contain a specific provision for relation back; Rule 15(c)(1)(A) is therefore not available to save Paxton's claim.

With regard to Rule 15(c)(1)(C), this matter turns on whether, within the period provided by Rule 4(m) for serving the summons and complaint, Cross Creek (i) received notice of the action such that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"The notice required by Rule 15(c) can be either actual or constructive." *Beverly v. MEVA Formwork Sys., Inc.*, 500 F. App'x 391, 394 (6th Cir. 2012) (citing *Force v. City of Memphis,* 101 F.3d 702, 1996 WL 665609, at *2 (6th Cir.1996) (table) (citing *Berndt v. Tennessee,* 796 F.2d 879 (6th Cir. 1986))). "Factors relevant to whether a defendant received constructive notice include the

relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant." *Ham v. Sterling Emergency Servs. of the Midwest, Inc.*, 575 F. App'x 610, 617–18 (6th Cir. 2014) (citations and internal quotation marks omitted).

The Sixth Circuit concluded that a newly-named defendant parent company had insufficient notice where it shared a website with the previous defendant, its subsidiary, and where some of its employees were trained by the previously-named subsidiary. *Beverly v. MEVA Formwork Sys., Inc.*, 500 F. App'x 391, 394 (6th Cir. 2012). The court reasoned that a lot of parent companies train the employees of their subsidiaries and have a single website that provides information about the whole corporate operation. *Id.* Therefore, it did not follow that the parent company should have notice of every lawsuit filed against its subsidiary. *Id.* The Western District of Kentucky found constructive notice in *Williams v. TLD America Corp.*, No. CIV. A. 308CV-510-H, 2010 WL 456869, at *2 (W.D. Ky. Feb. 3, 2010). In *Williams*, the plaintiff originally sued one company for injuries sustained from an airplane loader, and he wanted to add the manufacturer of the loader and the parent company to his lawsuit as defendants. *Id.* at *1. The court reasoned that notice to the original defendant constituted notice to the other

11

defendants because the companies all used the same registered address—where the plaintiff sent his original complaint. *Id.* at *2.

The issue of notice was not meaningfully addressed by either party in their briefing, and it is otherwise unclear from a review of the briefing. Paxton asserts that Cross Creek had timely notice and service of this action because it shares the same business and office address with one of the original parties (Cross Creek Common Land). Cross Creek asserts that it is a separate and distinct legal entity from Cross Creek Common Land and informs that its counsel was not involved in the case at the state-court level. (ECF No. 10, PageID.224, 227 n.12).

At the motion hearing in this matter, counsel for Defendant, Mr. Mihelick, stated that Defendant Cross Creek Apartments, LLC and prior-Defendant Cross Creek Common Land, LLC, have similar registered agents. This Court further questioned Mr. Mihelick about whether the entities have the same registered agent, and Mr. Mihelick stated that he believed that they have the same registered agent in Michigan. Paxton asserts that Cross Creek Apartments, LLC and Cross Creek Common Land, LLC have the same business and office address located in Illinois. (ECF No. 8, PageID.126). However, neither party proffered evidence to show where Paxton served Cross Creek Apartments, LLC with the amended complaint and Cross Creek Common Land, LLC with the original complaint and if it was at the same address.

Both Cross Creek entities have the same registered agent. Cross Creek does not deny that the Cross Creek entities have similar registered agents, and its counsel even stated that it was his belief that the parties have the same registered agent in Michigan. Further, both companies conduct similar business in the rental property space. Paxton further contends that both Cross Creek entities have the same business and office address in Illinois. It is thus reasonable to infer that the individual who received service of the original lawsuit—whether in Michigan or Illinois—also had business ties to the current Defendant, such that Cross Creek was put on notice of Paxton's lawsuit when Paxton incorrectly served Cross Creek Common Land, LLC. This is similar to the conclusion of the court in *Williams* that held that the companies all had constructive notice of a lawsuit because they all had the same registered agent. Unlike *Beverly* where the two companies merely shared the same website, the Cross Creek entities share the same business address, Michigan registered agent, and conduct similar business, suggesting that the entities are and/or should be apprised of each other's business matters. The Court concludes that Cross Creek had constructive notice of Paxton's original lawsuit.

With regard to mistake, Cross Creek argues that there was no misnomer or mistake about the proper party's identity in this matter, but rather a lack of knowledge or an incorrect conclusion about the owner of the property. (ECF No. 3, PageID.41). Cross Creek explains that it came into possession of the property

13

on which the alleged incident occurred in October 2015, and a Warranty Deed regarding the same was recorded that month. Cross Creek quit claimed some of the property, but not the part of the property on which the alleged event occurred, to Cross Creek Common Land Fund, LLC, the original party in this matter, in April 2016. Cross Creek says that apparently, Paxton researched the ownership of the property, came across the 2016 quit claim deed, concluded that Cross Creek Common Land was the owner of the property, and sued Cross Creek Common Land in the original complaint. But Cross Creek says that a simple title search confirms that Cross Creek has been the owner of the property at issue from October 2015 through September 13, 2019 (the date of the search).

Cross Creek argues that Paxton's error in suing Cross Creek Common Land was not a simple misnaming of the defendant or confusion about the precise business entity name and that the true owner of the property was not otherwise concealed or unavailable to Paxton. Cross Creek argues that Paxton was or should have been aware from the face of the quit claim deed that Cross Creek and Cross Creek Common Land were separate and distinct entities and that there is no reason that Cross Creek could not have been named as a party in the original complaint. Cross Creek contends that Paxton's lack of knowledge or incorrect conclusion about the owner of the property does not qualify as a mistake under Rule 15(c)(1)(C). (ECF No. 3, PageID.40–41).

The Sixth Circuit has indeed held that an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii). *Brown v. Cuyahoga County*, 517 F. App'x 431, 433–34 (6th Cir. 2013); *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (concluding that the plaintiff was not "mistaken" about the proper defendant to name when "he simply did not know whom to sue or opted not to find out within the limitations period"); *Moore v. Tennessee*, 267 F. App'x 450, 455 (6th Cir. 2008) ("In this court, a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a mistake concerning the party's identity within the meaning of Rule 15(c)." (internal quotation marks omitted)). These cases, however, are distinguishable from the instant matter, as they involve John Doe defendants.

"Moreover, the Supreme Court has made clear that the Court does not look to the knowledge or conduct of a plaintiff in determining whether an amendment relates back." *Travelers Indem. Co. of Am. v. Suzhou Samsung Elecs. Co.*, No. 13-12297, 2014 WL 1308345, at *2 (E.D. Mich. Mar. 31, 2014) (citing *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538 (2010)). In *Krupski*, the Supreme Court found that a plaintiff who knew that two entities existed—only one of which was a proper defendant—but sued the wrong one, had made a "mistake concerning the proper party's identity" under Rule 15(c)(1)(C)(ii) and should be permitted to amend even after the statute of limitations expired. The Court reversed the

appellate court's decision that found no "mistake" because the plaintiff either knew or should have known of the proper party's identity, explaining that in focusing on the plaintiff's knowledge, the "Court of Appeals chose the wrong starting point." *Id.* at 548. "Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.*

The Sixth Circuit has declined to extend *Krupski* to cases involving a true absence of knowledge of a defendant's identity, like the identity of John Doe defendants in *Brown* and *Smith*, *supra*. But it has acknowledged *Krupski* as the appropriate standard in determining knowledge under Rule 15(c)(1)(C)(ii). *See Lester v. Wow Car Co.*, 675 F. App'x 588, 592 (6th Cir. 2017). Accordingly, Cross Creek's argument that there was no mistake here because Paxton knew or should have known of Cross Creek's existence fails under *Krupski*, and the non-binding case law that Cross Creek cites in support, *Sparks v. Bellin Health Sys., Inc.*, No. 2:09-cv-14, 2010 WL 2349467, at *1 (W.D. Mich. June 7, 2010), *Rhodman v. Church's Fried Chicken*, No. 05-73610, 2006 WL 2990502 (E.D. Mich. Oct. 19, 2006), *E.E.O.C. v. Regency Windsor Mgmt. Co.*, 862 F. Supp. 189 (W.D. Mich. 1994), pre-dates the *Krupski* decision and is not persuasive here.

Based on the foregoing, the Court concludes that Paxton made a mistake when he failed to serve the correct Cross Creek entity with the original complaint.

The facts in this case establish that both Cross Creek entities operate similar businesses out of the same office, and they have the same or similar registered agent. The Court can infer from these facts that the Cross Creek entities have a sufficient relationship and/or familiarity with the other's business matters such that Defendant had constructive notice of Paxton's lawsuit. The Cross Creek entities have been represented by different counsel during their involvement in Paxton's lawsuit. However, this fact, considered with the other evidence, does not compel the conclusion that Defendant did not have constructive notice of Paxton's lawsuit. Further, pursuant to *Krupski*, Paxton's failure to recognize Cross Creek as the appropriate defendant and serve it with the original complaint constitutes a mistake under Rule 15(c)(1)(C)(ii). Therefore, the Court concludes that the relation back doctrine applies and will not dismiss Paxton's amended complaint.

V. **CONCLUSION**

The record in this case demonstrates that Cross Creek Apartments, LLC and Cross Creek Common Land, LLC operate their businesses out of the same building and have a similar registered agent. The Court finds that Cross Creek had sufficient constructive notice of Paxton's lawsuit. Further, Paxton mistakenly served Cross Creek Common Land, LLC with the original complaint when it

should have served the current Defendant.  Accordingly, the Court finds that Paxton's amended complaint relates back to his original complaint and will deny Cross Creek's Motion to Dismiss.

    SO ORDERED.

Dated: September 25, 2020            s/Stephanie Dawkins Davis
                                                 Hon. Stephanie Dawkins Davis
                                                 United States District Judge